ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| HÉCTOR S. GONZÁLEZ RODRÍGUEZ; EILEEN RAMOS BÁEZ<br><br>Parte Recurrida<br><br>v.<br><br>ALEJANDRO E. MAYENDIA<br><br>Parte Peticionaria | KLAN202400051 | *Apelación,* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJL284-2023-4161<br><br>Sobre: Ley Núm. 284-1999, Ley Contra el Acecho en Puerto Rico, según enmendada por la Ley Núm. 4-2016 |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortíz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de abril de 2024.

Comparece Alejandro E. Mayendía Blanco (en adelante, "señor Mayendía Blanco" o "Peticionario") mediante recurso de *Apelación,* el cual acogemos como *Certiorari*[1], por tratarse sobre una revisión de una Orden de Protección al amparo de la *Ley Contra el Acecho en Puerto Rico.* El peticionario solicita la revisión de una *Orden de Protección* emitida el 18 de diciembre de 2023 por el Tribunal de Primera Instancia, Sala Municipal de San Juan (en adelante, "TPI") a favor de Héctor S. González Rodríguez (en adelante, "señor González Rodríguez" o "Recurrido").

Por los fundamentos a continuación, se deniega la expedición del auto de *Certiorari.*

### I.

El 11 de diciembre de 2023, el señor González Rodríguez y Eileen Ramos Báez (en adelante, "señora Ramos Báez") presentaron ante el TPI

---

[1] Sin embargo, no enmendamos el epígrafe del recurso, el cual mantiene la identificación alfanumérica asignada por la Secretaría del Tribunal de Apelaciones.

una petición de Orden de Protección al amparo de la Ley Núm. 284 de 21 de agosto de 1999, según enmendada, conocida como *Ley Contra el Acecho en Puerto Rico* (en adelante, "Ley 284-1999"), 33 LPRA sec. 4013 et seq., en contra del señor Mayendía Blanco. Ese mismo día, el foro primario celebró una Vista Ex Parte y expidió una *Orden de Protección Ex* Parte a favor de los peticionarios, vigente hasta el 18 de diciembre de 2023.

El 18 de diciembre de 2023, fue celebrada la Vista Final, en la cual comparecieron todas las partes y testificaron el señor González Rodríguez y la señora Ramos Báez. Aquilatada la prueba testifical, el TPI realizó las siguientes determinaciones de hechos:

> Comparece el peticionario Héctor S. González Rodríguez, representado por la Lcda. Blanca Saez y el peticionado Alejandro Mayendía por el Lcdo. Javier Santiago. Las partes son conocidos con amigos en común. **Surge de la prueba que el 6 de diciembre de 2023 el peticionado llegó a un lugar donde estaba compartiendo el peticionario con su pareja y unas amistades, lo insultó y lo agredió con un puño en la nariz.** Días antes, el peticionado le estaba escribi[e]ndo a la pareja del peticionario diciéndole que quería hablar con ella para decirle con cuantas putas peticionario había estado. **Hace aproximadamente un año lo amenazó de muerte y le gritó insultos. Peticionario teme por su seguridad.** Evaluado el testimonio y aquilatada la credibilidad se expide Orden de Protección Ex Parte *[sic]*. (Énfasis suplido).

Por todo lo cual, expidió una *Orden de Protección Final* a favor del señor González Rodríguez por un término de dos (2) años, vigente desde el 18 de diciembre de 2023 hasta el 18 de diciembre de 2025. Respecto a la petición de la señora Ramos Báez, el TPI ordenó su cierre y archivo.

Inconforme, el 17 de enero de 2024, el señor Mayendía Blanco acudió ante esta Curia y solicitó la revisión de la *Orden de Protección* expedida el 18 de diciembre de 2023. El peticionario realizó los siguientes señalamientos de error:

> **Erró el Honorable Tribunal de Primera Instancia al determinar que la parte peticionada incurrió en conducta constitutiva de acecho conforme la Ley 284-1999.**
>
> **Erró el Honorable Tribunal de Primera Instancia al incurrir en error manifiesto en la apreciación de la prueba presentada por la parte peticionaria, abusando de su discreción al emitir, de forma *ultra vires*, una Orden de Protección en ausencia de la existencia de un patrón de**

**conducta persistente, según lo dispuesto en la Ley 284-1999.**

El 19 de enero de 2024, le concedimos a la parte peticionaria treinta (30) días para presentar la transcripción de la regrabación de los procedimientos y diez (10) días, luego de presentada la transcripción, para presentar su alegato suplementario. A su vez, le otorgamos a la parte recurrida un término de treinta (30) días para presentar su alegato en oposición, contados a partir de la presentación del alegato suplementario o transcurrido el término para presentarlo.

Posteriormente, el 11 de marzo de 2024, el señor Mayendía Blanco presentó la Transcripción de la Vista Final celebrada el 18 de diciembre de 2023. Su alegato suplementario fue presentado el 21 de marzo de 2024.

El 12 de abril de 2024 los recurridos presentaron su alegato en oposición.

Perfeccionado el recurso y con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**-A-**

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes

interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra; Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> [e]l recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
> B. Si la situación de hechos planteada es la más indicada para analizar el problema.
> C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
> D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello,* 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

**-B-**

La tarea de adjudicar credibilidad y determinar lo que realmente ocurrió depende, en gran medida, de la exposición del juzgador de los hechos a la prueba presentada, lo cual incluye, ver el comportamiento del testigo y escuchar su voz, mientras ofrece su testimonio. *Robert Ortiz Ortiz v. Medtronic Puerto Rico Operations, Co.,* 2022 TSPR 76, resuelto el 15 de junio de 2022. De ahí que, los tribunales apelativos no debemos intervenir con la apreciación de la prueba, la adjudicación de credibilidad y las determinaciones de hechos que realizan los tribunales de instancia, salvo que se demuestre que el juzgador actuó movido por pasión, prejuicio o parcialidad o que incurrió en error manifiesto. *Íd.* Cuando la alegación es de pasión, prejuicio o parcialidad, el llamado a los foros apelativos es verificar, primordialmente, si el juzgador de los hechos cumplió con su función de adjudicar de manera imparcial. *Gómez Márquez et al. v. El Oriental Inc.,* 203 DPR 783, 793 (2020). Solo así podremos apoyar sus determinaciones de hechos. *Íd.*

Por otro lado, constituye error manifiesto cuando, de un análisis de la totalidad de la evidencia, el foro apelativo se convence de que se cometió un error, independientemente de que exista evidencia que sostenga las conclusiones de hecho del Tribunal. *Íd.* De manera que, la facultad de los foros apelativos para sustituir el criterio de los tribunales de instancia se limita a aquellos escenarios, en los cuales, de la prueba admitida no surge base suficiente que apoye su determinación. *Robert Ortiz Ortiz v. Medtronic Puerto Rico Operations, Co.,* supra. Como se sabe, las diferencias de criterio jurídico no alcanzan dicho estándar. *Íd.*

Ahora bien, cabe destacar que, en ausencia de evidencia oral, el Tribunal de Apelaciones carece de los elementos para descartar la apreciación razonada y fundamentada de la prueba que realizó el Tribunal de Primera Instancia. *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 289 (2011).

Como vemos, nuestro esquema probatorio está revestido de un manto de deferencia hacia las determinaciones de credibilidad que realizan los juzgadores de instancia, con respecto a la prueba testifical presentada ante sí. *Pueblo v. Arlequín Vélez*, 204 DPR 117, 146-147 (2020). Lo anterior, en reconocimiento a la oportunidad que tiene el foro primario de ver y observar a los testigos declarar, de poder apreciar sus gestos, titubeos, contradicciones, manerismos, dudas, vacilaciones con el efecto de ir formando gradualmente, en su conciencia, la convicción sobre si dicen o no la verdad. *Íd.*, págs. 857-858.

**-C-**

La Ley 284-1999 fue aprobada con el propósito de "proteger debidamente a personas que son víctimas de acecho, evitando posibles daños a su persona, sus bienes o a miembros de su familia". 33 LPRA sec. 4013 nota. Dicho estatuto define el acecho como:

> [...] una conducta mediante la cual se ejerce una vigilancia sobre determinada persona; **se envían comunicaciones verbales o escritas no deseadas a una determinada persona, se realizan amenazas escritas, verbales o implícitas a determinada persona**, se efectúan actos de

vandalismo dirigidos a determinada persona, **se hostiga repetidamente mediante palabras, gestos o acciones dirigidas a intimidar, amenazar** o perseguir a la víctima o a miembros de su familia. (Énfasis suplido). 33 LPRA sec. 4013

A su vez, el Artículo 4 de la precitada Ley tipifica el delito de acecho de la siguiente manera:

Toda persona que **intencionalmente manifieste un patrón constante o repetitivo de conducta de acecho dirigido a intimidar a una determinada persona** a los efectos de que ella, o cualquier miembro de su familia podría sufrir daños, en su persona o en sus bienes; **o que mantenga dicho patrón de conducta a sabiendas de que determinada persona razonablemente podría sentirse intimidada** incurrirá en delito menos grave. (Énfasis suplido). 33 LPRA sec. 4104.

En cuanto al patrón de conducta persistente, el Artículo 3 (b) del estatuto preceptúa lo siguiente:

Significa realizar en **dos (2) o más ocasiones** actos que evidencian el **propósito intencional de intimidar a determinada persona o a miembros de su familia**. (Énfasis nuestro). 33 LPRA sec. 4013.

Asimismo, define *intimidar* en el Artículo 3 (f) como:

**[T]oda acción o palabra que manifestada repetidamente infunda temor en el ánimo de una persona prudente y razonable** a los efectos de que ella, o cualquier miembro de su familia pueda sufrir daños, en su persona o en sus bienes, y/o ejercer presión moral sobre el ánimo de ésta para llevar a cabo un acto contrario a su voluntad. (Énfasis suplido). 33 LPRA sec. 4013.

Así, pues, el Artículo 5 les concede a las víctimas de acecho la facultad de presentar por sí, por conducto de su representante legal o por un agente del orden público, una petición en el Tribunal solicitando una orden de protección, sin que sea necesario la prestación previa de una denuncia o acusación. 33 LPRA sec. 4015. El Tribunal podrá emitir la orden de protección cuando determine que existen motivos suficientes para creer que la parte peticionaria ha sido víctima de acecho. *Íd.*

El Artículo 6 del referido estatuto regula el procedimiento para la expedición de órdenes de protección. En particular, establece:

(a) El procedimiento para obtener una orden de protección se podrá comenzar mediante la presentación de una petición verbal o escrita; o dentro de cualquier caso pendiente entre las partes; o a solicitud del Ministerio Fiscal en un procedimiento penal, o como una condición para disfrutar de sentencia suspendida o de libertad condicional.

(b) Para facilitar a las personas interesadas el trámite de obtener una orden de protección bajo esta Ley, la Oficina de Administración de los Tribunales tendrá disponible en la Secretaría de los Tribunales de Puerto Rico formularios para solicitar y tramitar dicha orden. Asimismo, proveerá la ayuda y orientación necesaria para cumplimentarlos y presentarlos.

(c) Una vez presentada una petición de orden de protección, de acuerdo a lo dispuesto en esta Ley, el tribunal expedirá una citación a las partes bajo apercibimiento de desacato, para una comparecencia dentro de un término que no excederá de cinco (5) días. La notificación de las citaciones y copia de la petición se hará conforme a las Reglas de Procedimiento Civil de Puerto Rico de 2009, según enmendadas, y será diligenciada por un alguacil del tribunal o por cualquier otro oficial del orden público, a la brevedad posible, y tomará preferencia sobre otro tipo de citación, excepto aquellas de similar naturaleza. El tribunal mantendrá un expediente para cada caso en el cual se anotará toda la citación emitida al amparo de esta Ley. [...]. 33 LPRA sec. 4016.

Por otra parte, el Artículo 7 de la Ley 284-1999 dispone que el Tribunal podrá emitir una orden de protección ex parte si determina que:

(a) Se han hecho las gestiones de forma diligente para notificar a la parte peticionada con copia de la citación expedida por el tribunal y de la petición que se ha presentado ante el tribunal y no se ha tenido éxito; o

(b) existe la probabilidad de que dar la notificación previa a la parte peticionada provocará el daño irreparable que se intenta prevenir al solicitar la orden de protección, o

(c) cuando la parte peticionaria demuestre que existe una probabilidad sustancial de un riesgo inmediato a la seguridad del peticionario y/o a algún miembro de su familia. 33 LPRA sec. 4017.

Asimismo, el precipitado Artículo establece que:

Siempre que el tribunal expida una orden de protección de manera ex parte, lo hará con carácter provisional. Notificará inmediatamente a la parte peticionada con copia de la misma o de cualquier otra forma y le brindará una oportunidad para oponerse a ésta. A esos efectos señalará una vista a celebrarse dentro de los próximos cinco (5) días de haberse expedido dicha orden ex parte , salvo que la parte peticionaria solicite prórroga a tal efecto. **Durante esta vista el tribunal podrá dejar sin efecto la orden o extender los efectos de la misma por el término que estime necesario.** (Énfasis suplido). *Íd.*

### III.

Nos corresponde justipreciar si debemos ejercer nuestra facultad discrecional al amparo de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra.* Luego de examinar el expediente a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones, *supra,* no identificamos razón por la cual este Foro deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan.

Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el foro de primera instancia haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. Reiteramos que en el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

**IV.**

Por los fundamentos antes expuestos, se *Deniega* la expedición del auto de *Certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones